**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA,                                                                           PLAINTIFF
*ex rel.* JOHN THOMAS

v.                                            No. 4:06CV00465 JLH

MICHAEL M. BAILEY; BAILEY
MANAGEMENT GROUP, INC.;
FOUNDATION FOR ORTHOPEDIC AND
SPINE EDUCATION AND RESEARCH;
INNOVATIVE HEALTH SOLUTIONS, INC.;
MOTIONTEK, INC.; BLACKSTONE MEDICAL, INC.;
OMNI360 LLC; and OMNI360 MANAGEMENT, INC.                                       DEFENDANTS

**ORDER**

John Thomas has filed a motion for partial reconsideration of the Court's November 6, 2008, Opinion and Order and has asked for leave to file a third amended complaint. The gist of the motion is that the Court should have ruled that Thomas had sufficiently alleged a claim under the False Claims Act relating to Blackstone's relationship with Geffrey Yielding, a licensed practical nurse working for Dr. Richard Jordan.

The Court understood that the proposed second amended complaint intended to state a claim for a violation of the False Claims Act in two respects. First, the proposed second amended complaint intended to state a claim under the False Claims Act relating to kickbacks allegedly paid to Dr. Patrick Chan. Secondly, the proposed second amended complaint sought to allege that Blackstone had engaged in a nationwide practice of engaging in kickbacks with physicians. The alleged arrangements with Geffrey Yielding were presented, as the Court understood it, as one of four examples of this alleged nationwide scheme. As stated in the Opinion and Order entered on November 6, 2008, the Court concluded that the proposed second amended complaint did not allege

a nationwide scheme with sufficient specificity and therefore refused to permit the complaint to go forward on those allegations.

The proposed second amended complaint could be construed as attempting to allege a separate claim relating to false claims submitted by Dr. Jordan as a result of the relationship between Yielding and Blackstone. If so, those allegations are sufficiently specific to state a separate claim. The Court believes that Dr. Jordan's certification of compliance with the anti-kickback statute would encompass a certification that his employees, acting under his direction and subject to his control, had not violated the anti-kickback statute. Therefore, the motion for partial reconsideration and for leave to file a third amended complaint is GRANTED. Document #229. The relator must file his third amended complaint within five days of the entry of this order.

IT IS SO ORDERED this 23rd day of December, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE